**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1587
_____

MELQUI RAMON DELEON MENDEZ,
                                            Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
                                            Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A089-087-858)
Immigration Judge:  Honorable Dorothy Harbeck

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 23, 2013
Before:  SMITH, GREENAWAY, JR. and WEIS, Circuit Judges

(Opinion filed: January 28, 2013)
_____

OPINION
_____

PER CURIAM.

Melqui De Leon Mendez ("De Leon"), a native and citizen of Guatemala, entered

the United States without inspection in May 2000 and was placed in removal proceedings

1

in April 2009. He was charged with removability pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) as an alien present in the United States without being admitted or paroled. De Leon conceded removability and sought asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). An immigration judge found that De Leon's testimony was inconsistent with the record and that he was not credible, denied his requests for relief, and ordered his removal. De Leon's appeal to the Board of Immigration Appeals ("BIA") was dismissed, and he now petitions this Court for review.[1]

The crux of De Leon's claims for relief was that he feared returning to Guatemala because members of the MS-13 gang attempted to recruit him during his adolescence and threatened and beat him when he declined to join. However, De Leon's accounts of the number of times he was threatened and the severity of physical assaults he suffered varied dramatically between his testimony and the record. First, he indicated in his application for asylum that he was threatened fifteen times and was kicked so severely on one occasion that he was bedridden for a week. A.R. 276. Next, he provided a supplemental statement which described only three incidents in which he was personally threatened to join the gang and two assaults in which he was punched. A.R. 183-90. Finally, he testified that he was threatened twice, and he did not indicate that he was kicked or bedridden until confronted with his asylum application on cross-examination.

---

[1] We have jurisdiction under 8 U.S.C. § 1252(a)(1) to review final orders of removal.

A.R. 146-47, 159-60. De Leon argues that the BIA should have excused these inconsistencies because the mistreatment he described occurred nearly ten years prior to his immigration proceedings when he was only 14 or 15 years old. This argument is unpersuasive, however; De Leon's application, supplemental statement, and testimony were each proffered within a period of less than four months and he offers no indication why his account varied so dramatically over such a short period.

In light of the inconsistencies identified by the BIA, we are not compelled to disagree with the adverse credibility determination. See Abdille v. Ashcroft, 242 F.3d 477, 483-84 (3d Cir. 2001). Because De Leon failed to provide credible testimony in support of his application for withholding of removal, we discern no error in the BIA's determination that he was not entitled to relief. See Tarrawally v. Ashcroft, 338 F.3d 180, 186–87 (3d Cir. 2003). De Leon's present assertion that "specific intent to torture is not required" to demonstrate eligibility for CAT relief, "but rather that simply showing that the government was willing to turn a blind eye in acquiescing to torture was enough" is simply incorrect. Pierre v. Att'y Gen., 528 F.3d 180, 189-90 (3d Cir. 2008) (en banc) ("[T]he CAT requires a showing of specific intent," and "[w]illful blindness can be used to establish knowledge but it does not satisfy the specific intent requirement."). Thus, to the extent the BIA may have erred by failing to address his claim that the immigration judge incorrectly required a showing of specific intent to torture, any error was harmless

3

because the claim is meritless. [2] Li Hua Yuan v. Att'y Gen., 642 F.3d 420, 427 (3d Cir. 2011) ("[W]e will view an error as harmless and not necessitating a remand to the BIA when it is highly probable that the error did not affect the outcome of the case."). We will therefore deny the petition for review.

---

[2] De Leon's application for asylum was filed in August 2009—over nine years after he entered the United States—and the immigration judge therefore found that it was untimely. De Leon did not challenge the timeliness determination on appeal to the BIA, and his failure to exhaust the issue deprives this Court of jurisdiction over any related arguments in his petition for review. See Sandie v. Att'y Gen., 562 F.3d 246, 250 n.1 (3d Cir. 2009). The government argues that De Leon likewise failed to exhaust his claim regarding the denial of CAT relief because the issue was not raised in his brief before the BIA, however the issue was raised—albeit briefly—in his notice of appeal. A.R. 53. We therefore disagree. Hoxha v. Holder, 559 F.3d 157, 159 (3d Cir. 2009); see also Lin v. Att'y Gen., 543 F.3d 114, 121 (3d Cir. 2008) ("[S]o long as an immigration petitioner makes some effort, however insufficient, to place the [BIA] on notice of a straightforward issue being raised on appeal, a petitioner is deemed to have exhausted her administrative remedies.").